ALPHONSO J. McALISTER, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. On the trial of an indictment for the offense of shooting at another, the defendant proposed to prove that a short time after the shooting, there was, at a grocery near by, to which both defendant and prosecutor had gone just after the shooting had occurred, a considerable number of negroes who were excited and were threatening to mob the defendant. There was no evidence, nor was it offered to be proved that any such threat was made before the shooting, and in fact it appearing that the excitement must have been caused by the shooting and wounding of the prosecutor :

*Held,* That such testimony could not have illustrated the issue as to the guilt or innocence of the defendant for shooting at the prosecutor prior to any such excitement or threats as were proposed to be proved, and it was not error in the Court to reject such evidence.

2. The verdict in this case is sufficiently sustained by the evidence to justify the Court below in refusing a new trial on the ground that it was contrary to evidence.

New trial. Evidence. Threats. Before Judge HOPKINS. Fulton Superior Court. October Term, 1872.

McAlister was placed on trial for the offense of shooting at another, alleged to have been committed upon the person of one Isham Bennett, in the month of March, 1871.

The defendant pleaded not guilty. The jury found to the contrary. A motion was made for a new trial upon the ground that the verdict was contrary to the evidence, and because the Court refused to allow the defendant to prove by Powell Owen, a policeman, and by Thrasher Kile, that a short time after the shooting they went to the house of Moses Calhoun, close to the place where the offense is alleged to have been committed, and within hearing of the shooting, to which house Bennett and the defendant had both gone after the shooting, and that there was a large number of negroes there, acting in a riotous manner, many of them intoxicated, and making threats of mobbing defendant.

The evidence strongly supported the verdict.

The motion was overruled and the defendant excepted.

Alexander *et al. vs.* Maltbie.

HILL & CANDLER; GARTRELL & STEPHENS, for plaintiff in error.

JOHN T. GLENN, Solicitor General, by Z. D. HARRISON, for the State.

TRIPPE, Judge.

1. We cannot see how the evidence which was ruled out by the Court could have illustrated the issue before the jury. The excitement and mobocratic spirit which were said to exist and which were proposed to be proven, must have occurred after the defendant had shot the prosecutor, and must have been produced by it. At least, no offer was made to prove that such a state of facts existed before the shooting, or that the defendant could have acted under the influence of fear or alarm caused thereby. To have made the testimony admissible, other facts should have been shown, either connecting the prosecutor with such threats, etc., or connecting them with the shooting, so as to make it appear that the doctrine of self-defense, or its equivalent, in law, could reasonably grow out of it, or be founded on such evidence. Nothing of this sort appeared, or was offered to be proved.

2. The evidence sufficiently sustains the verdict to forbid our interference.

Judgment affirmed.